# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 08-cr-0205-007 |
|---|---|
| VS. | JUDGE DOHERTY |
| JACORY JAMAR SIMON (007) | MAGISTRATE JUDGE HILL |

**SUPPLEMENTAL AND AMENDED REASONS FOR DETENTION PENDING TRIAL**
*(by Magistrate Judge Mildred E. Methvin)*

The memorandum detention order entered as to Jacory Jamar Simon and four co-defendants on August 15, 2008, has been remanded for reconsideration after Simon objected to a factual inaccuracy in one of the general findings as to all defendants.[1] In the original Order of Detention, I stated:

> All of the defendants have strong ties to the community. *All of the defendants have past drug convictions* and were all on probation from state convictions at some point during the existence of the conspiracy charged here.

Rec. Doc. 63, p. 4. Simon does not, in fact, have any past drug convictions.

This amended detention order will correct the factual mistake and supplement the reasons for detention.

### *Supplemental Findings*

Simon and nine others are charged in a 41-count indictment with conspiracy to possess with intent to distribute cocaine, cocaine base, and other controlled substances between November 1, 2005 and December 9, 2007, and other substantive counts. Simon is charged with the most counts, thirteen in all, including charges of distribution of cocaine, distribution of cocaine base, possession with intent to distribute Alprazolam, and possession with intent to

---

[1] Memorandum Ruling and Order, Rec. Doc. 81. The appeal is at Rec. Doc. 66, and the government's response is Rec. Doc. 79.

distribute cocaine. The conspiracy charge, Count 1, carries a minimum ten-year sentence, and a possible life sentence.

The indictment describes a drug organization run by Darius Nathaniel Fisher (Defendant 001) and Joseph Lee Helaire, Jr. (now deceased), which delivered large quantities of cocaine from Houston to the Acadiana area, where much of it was converted by local dealers into cocaine base prior to distribution. The indictment details the alleged activities of each defendant in connection with the drug ring. There is a rebuttable presumption against defendant's release under §3142(e) of the Bail Reform Act.

DEA Agent Chad Berard testified that Simon was the "backbone of the organization." Agents wiretapped hundreds of conversations, and much of this evidence establishes Simon's role and activities in the drug conspiracy. Agent Berard's testimony established that the weight of the evidence is strong.

The Pretrial Services Report shows that Simon was arrested on May 17, 2005, for battery of a school teacher in St. Martin Parish. He was ultimately convicted of simple battery and placed on probation, which was terminated unsatisfactorily on July 6, 2007. Accordingly, the record establishes that Simon was, in fact, "on probation from [a] state conviction . . . during the existence of the conspiracy charged here" as noted in the original Order of Detention. It is noted that Simon does not have a felony conviction, but nevertheless, he has demonstrated his inability to comply with conditions of probation as to the simple battery conviction, which is a relevant factor.

The PTS report also shows that Simon was also charged with the following offenses for which there is no disposition: disturbing the peace (St. Martin Parish, 2005), distribution of a

Schedule II Controlled Dangerous Substance (Lafayette Parish, 2006), no seat belt or driver's license (Lafayette Parish, 2006), failure to appear in court (St. Martin Parish 2006), transactions involving proceeds from drug offenses and possession with intent to distribute Schedule IV drugs (St. Martin Parish 2007), failure to signal turn, no driver's license, failure to appear for arraignment (no seatbelt), failure to appear for arraignment (no driver's license) (Lafayette, 2007), possession of cocaine (pending in St. Martin Parish, 2007).

Simon has strong ties to the community. The court accepted proffers of three witnesses for Simon: Joyce Landry, a relative, and siblings Nathan and Tracey Simon. The witnesses would testify regarding Simon's residence, schooling, and job prospects if released on bond.

No evidence was submitted to refute the weight of the evidence against Simon, his key role in the conspiracy, his criminal record, or the unsatisfactory termination of his state probation.

After carefully considering the evidence presented, I conclude that Simon failed to successfully rebut the presumption against his release. Although Simon is not considered a flight risk, considering his prior criminal history, the fact that he was on state probation during part of the conspiracy charged, evidence that he was "the backbone of the organization," the fact that he has the most counts against him of any defendant, I conclude that there are no conditions or combination of conditions which will reasonably assure the safety of the community.

In arriving at this conclusion, all of the factors enumerated in 18 U.S.C. §3142(g) have been considered, including the nature and circumstances of the offense, the weight of the evidence against defendants, the history and characteristics of defendants, and the nature and

seriousness of the danger to any person or the community that would be posed by the defendant's release.

Signed at Lafayette, Louisiana, on September 9, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)