**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 08CR-0205-07** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **JACORY JAMAR SIMON** | * | **MAGISTRATE JUDGE HILL** |

**MEMORANDUM RULING AND ORDER**

The defendant, **JACORY JAMAR SIMON**, has moved the Court to reconsider its detention order, on the grounds that the detention order violates the defendant's due process rights. [Record Doc. 228]. The government opposes the defendant's motion to reconsider. [Record Doc. 233]. For those reasons set out below, the defendant's motion is **denied**.

The defendant alleges no new evidence in support of his motion to reconsider. Rather, the defendant's sole argument is that the length of pretrial detention violates his due process rights. The defendant relies on *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) in support of his motion. The government recognizes the holding in *Hare*, and argues that the case-by-case analysis required by *Hare* does not show a due process violation here.

In *Hare* the Fifth Circuit said,

> In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

873 F.2d at 801.

The defendant has been in custody since August 13, 2008. [Record Doc. 29]. Trial in this case is scheduled for September 28, 2009. Accordingly, the defendant will be in pretrial detention for over 13 months when trial commences. The undersigned is very familiar with this case, having met with counsel several times and having discussed with counsel potential trial dates.

Considering the factors set out by the Fifth Circuit in *Hare*, the court finds that the defendant's due process rights are not violated by the length of pretrial detention in this case. First, the length of pretrial detention is non-speculative. The trial date was selected after conferring with all counsel with due concern that the defendants have sufficient time to prepare for pretrial motion practice and for trial, given the number of defendants and the amount of discovery provided by the government. This discovery, of course, includes multiple telephone calls intercepted pursuant to a Title III authorization, as well as surveillance and other evidence. While it is true that counsel for some of the defendants

objected to a trial date occurring after the summer of 2009 (counsel for this defendant was one of those counsel who objected), based on the calendar of counsel for the government as well as the court, the September 29 trial date was the earliest available practical date.

The delay in this case has not been as a result of trial strategy by the government. Rather, the delay was caused by the complexity of the case, the number of defendants and the competing interests of all counsel, including counsel for the defendants. The government has not, in this case, unreasonably extended the period of pretrial detention. Immediately after the defendants were in custody, the court met with counsel to discuss discovery and set deadlines for the filing of pre-trail motions. [Record Doc. 211]. Thereafter, trial was set for September 28, 2009. The Government has neither sought, nor gained, trial advantage by the length of pre-trial detention.

Nevertheless, by the time trial commences, the defendant will have been in pretrial detention for over 13 months. While counsel for the defendant argues that this length of pretrial detention violates the defendant's due process rights, counsel fails to cite the Court to a single case holding that 13 months pretrial detention, in a case similar to the case before this Court, violates the due process clause.

As the Fifth Circuit recognized in *Hare*, and as the Supreme Court recognized in *United States v. Salerno*, 107 S.Ct. 2095 (1987), the due process analysis must be made on a case-by-case basis. Nevertheless, guidance can be gained from other cases in which the due process analysis has been completed. *See United States v. Ojeda Rios*, 846 F.2d

167,169 (2d Cir. 1988) (32 months of pretrial incarceration violated the *due process clause*); *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) (30 to 31 months pretrial incarceration did not violate the due process clause); *United States v. El-Gabrowney*, 35 F.3d 63, 65 (2d Cir. 1986) (27 months pretrial detention did not violate the due process clause).

In contrast, the defendant has not cited, and the undersigned has been unable to locate, any case holding that pretrial detention of 13 months, in the absence of governmental misconduct, requires release of the defendant when detention is otherwise proper.

Recently, Magistrate Judge Methvin recognized that the length of detention alone is not dispositive, and it carries no fixed weight in the due process analysis. *United States v. Flores*, 2007 WL 4553965, *2 (W.D. La, 2007) *citing*, *United States v. Zannino*, 798 F.2d 544, 548-49 (1st Cir. 1986). The undersigned agrees with Judge Methvin's analysis, and has so held in denying a motion to reconsider detention filed by Darius Fisher, a co-defendant. [Record Doc. 231].

Here, the government has a clearly nonpunitive reason for the detention, and the detention here does not appear excessive in relation to this nonpunitive purpose, that is, the protection of the community. *Milan*, 4 F.3d at 1043, and the cases cited therein.

Given the complexity of the case, the number of defendants and counsel and the volume of the discovery, the defendant has failed to show any due process violation

results from his pre-trial detention. Should the case be further continued and the trial date postponed, the defendant is free to again urge that, at that time, his pre-trial detention violates the due process clause. Until then, the detention order previously entered herein will remain in force.

**IT IS SO ORDERED**.

March 23, 2009, Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE